**WINDTBERG LAW, PLC**
7600 N. 15th Street, Suite 150
Phoenix, Arizona 85020
Phone: (602) 753-0706
office@wlawaz.com

Marc Windtberg - 24802

Attorney for Christopher C. Simpson,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TROY D. STAFFORD and<br>XOCHITL B. STAFFORD,<br><br>Debtors. | In Proceedings under Chapter 7<br>**Converted from Chapter 11 to Chapter 7 on March 14, 2022**<br><br>Case No. 2:22-bk-00609-EPB<br><br>Adversary No. |
| Christopher C. Simpson, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>A2Z Swings LLC, an Arizona limited liability company; Gloria Jean Hines, as Trustee of The Richard L. Hines Living Trust;<br><br>Defendants. | **COMPLAINT** |

Christopher C. Simpson, Chapter 7 Trustee, alleges for his Complaint against Defendant A2Z Swings LLC, an Arizona limited liability company, and against Defendant Gloria Jean Hines, as Trustee of The Richard L. Hines Living Trust, as follows:

## GENERAL ALLEGATIONS

1. This adversary proceeding is brought in connection with the above-

captioned case pending under Chapter 7 of Title 11, U.S.C.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 547, 548, 550 and 551.

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is permitted to bring this adversary proceeding on behalf of the Estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

7. On January 31, 2022 (the "Petition Date"), Troy D. Stafford and Xochitl B. Stafford (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

8. On March 14, 2022 (the "Conversion Date"), the case was converted by Court Order to a Chapter 7.

9. Plaintiff Christopher C. Simpson was appointed as Chapter 7 Trustee, and is the duly appointed Chapter 7 Trustee herein.

10. On or about December 30, 2021, Debtors made payment to A2Z Swings in the total sum of $60,000.00 (the "Payment").

11. Upon information and belief, the Payment of Debtors' funds was made by Thomas Title and Escrow Agency, at the direction of Debtors from the proceeds of the sale of encumbered real estate.

12. The Payment was made within 90 days prior to the Petition Date.

13. The Payment was ultimately received by The Richard L. Hines Living Trust, and was deposited into a bank account owned by The Richard L. Hines Living Trust.

14. Defendant Gloria Jean Hines is the current Trustee of The Richard L. Hines Living Trust ("The Hines Trust").

## COUNT ONE

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547)**

15. Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

16. Pursuant to 11 U.S.C. § 547, a trustee may avoid any transfer of an interest of the debtor in the property to or for the benefit of a creditor, for or on any account of an antecedent debt owed by the debtor before such transfer was made, made while the debtor was insolvent, made within 90 days of the filing of the petition, and that enabled that creditor to receive more than the creditor would receive upon liquidation of the estate had the transfer had not been made.

17. Upon information and belief, Debtors were insolvent at the time of the Payment.

18. Upon information and belief, the Payment was made on the account of an antecedent debt owed by Debtors to Defendant A2Z Swings.

19. The Payment occurred within 90 days before the Petition Date.

20. Upon information and belief, the Payment from Debtors to Defendant A2Z Swings allowed Defendant A2Z Swings to receive a greater distribution than Defendant A2Z Swings would have received upon a liquidation of the estate had the transfer of the Payment not been made.

21. Pursuant to 11 U.S.C. § 547, Plaintiff may avoid the transfer of the Payment from Debtors to Defendant A2Z Swings and, thus, recover those funds for the benefit of this estate.

22. The Payment of $60,000.00 was issued by check made payable to Defendant A2Z Swings.

23. The Payment was subsequently transferred to The Hines Trust.

24. The Payment was deposited into a bank account belonging to The Hines Trust.

25. Upon information and belief, The Hines Trust did not take the Payment for value, in good faith, or without knowledge of the voidability of the transfer to A2Z Swings.

26. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Payment from The Hines Trust as an immediate or subsequent transferee.

27. Defendant Gloria Jean Hines, as trustee of The Richard L. Hines Living Trust, is the real party in interest for this lawsuit involving property of The Hines Trust.

### COUNT TWO

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548)**

28. Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

29. Pursuant to 11 U.S.C. § 548, the trustee may avoid any transfer of an interest of the debtor in property, made within two years of the date of the filing of the petition, to the extent the transfer was made with the intent to hinder, delay, or defraud creditors, or to the extent that the debtor received less than a reasonable equivalent value in exchange for the transfer, and the debtor was insolvent on the date of the transfer.

Case 2:23-ap-00065-EPB    Doc 1    Filed 04/19/23    Entered 04/19/23 13:14:54    Desc
Main Document    Page 4 of 6

30. To the extent that Debtors were not indebted to Defendant A2Z Swings, or Defendant A2Z Swings was not secured by the real estate, Plaintiff asserts that the transfer of the Payment from Debtors to Defendant A2Z Swings is avoidable under Section 548 of the Bankruptcy Code.

31. Within two years before the Petition Date, Debtors transferred the Payment to Defendant A2Z Swings.

32. Upon information and belief, Debtors received less than reasonably equivalent value in exchange for the Payment.

33. Upon information and belief, Debtors were insolvent on the date of the Payment.

34. Alternatively, upon information and belief, the Payment to Defendant A2Z Swings was made by Debtors with the actual intent to hinder, delay, or defraud Debtors' creditors.

35. Pursuant to 11 U.S.C. § 548, Plaintiff may set aside the fraudulent transfer of the Payment to Defendant A2Z Swings, and may recover the Payment for the benefit of this estate.

36. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the Payment from Gloria Jean Hines, as trustee of The Hines Trust, as an immediate or subsequent transferee.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. For avoidance of the transfer of the Payment made by Debtors to Defendant A2Z Swings, and subsequently transferred to The Hines Trust, pursuant to 11 U.S.C. § 547 and/or § 548;

B. For judgment against Defendant A2Z Swings, and judgment against Defendant Gloria Jean Hines, as Trustee of The Richard L. Hines Living Trust, in the amount of $60,000.00, or an amount to be proven at trial pursuant to 11 U.S.C. § 550;

C. For Plaintiff's actual costs incurred; and

D. For such other and further relief as the Court deems just and proper.

Dated this 19th day of April, 2023.

             **WINDTBERG LAW, PLC**

          By /s/ Marc Windtberg
            Marc Windtberg
            7600 N. 15th Street, Suite 150
            Phoenix, Arizona 85020
            Attorney for Christopher C. Simpson,
            Chapter 7 Trustee